

# Supreme Court
### STATE OF LOUISIANA
### New Orleans

CHIEF JUSTICE
BERNETTE J. JOHNSON  Seventh District

JUSTICES
GREG G. GUIDRY  First District
SCOTT J. CRICHTON  Second District
JEANNETTE THERIOT KNOLL  Third District
MARCUS R. CLARK  Fourth District
JEFFERSON D. HUGHES III  Fifth District
JOHN L. WEIMER  Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 ROYAL STREET, SUITE 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

March 9, 2016

Hon. Scott S. Harris
Clerk, U.S. Supreme Court
Office of the Clerk
1 First Street, NE
Washington, D.C. 20543

"13-mc-24"

Re:   In Re: Richard Schwartz
      Louisiana Bar Roll no. 11853
      La. Supreme Court docket no. 2016-B-0023

Dear Mr. Harris:

Enclosed please find a copy of the decision rendered by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **March 4, 2016.**

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

By: *Carmen B. Young*
    Carmen B. Young
    Deputy Clerk

CBY:pal
Enclosure
ccs:   Hon. Lyle W. Cayce, Clerk,
       U.S. Court of Appeals, Fifth Circuit
       Hon. William W. Blevins, USDC, Eastern District
       Hon. Michael McConnell, Clerk, USDC, Middle District
       Hon. Tony R. Moore, USDC, Western Dist.
       Charles B. Plattsmier, Disciplinary Counsel
       Denise Tingstrom, Director of Admin., LSBA
       Donna Roberts, Administrator, Disciplinary Board
       U.S. Surface Transportation Board
       Regional Director, IRS
       Sandra Vujnovich, Judicial Administrator
       Breezy Borello, Notarial Archives
       Scott T. Morris, Off. of General Counsel, Social Security Administration
       Cynthia Cotton, Notarial Division, Secretary of State Office
       Hon. Sheral Kellar, Chief Judge, Off. of Wrkrs. Comp. Admin.

       Hon. Christine L. Crow
       Clerk, 1st Circuit Ct. Of Appeal
       Hon. Lillian Evans Richie
       Clerk, 2nd Circuit Ct. Of Appeal
       Hon. Charles K. McNeely
       Clerk, 3rd Circuit Ct. Of Appeal
       Hon. Justin I. Woods
       Clerk, 4th Circuit Ct. Of Appeal
       Hon. Cheryl Q. Landrieu
       Clerk, 5th Circuit Ct. Of Appeal

# The Supreme Court of the State of Louisiana

IN RE: RICHARD SCHWARTZ

NO. 2016-B-0023

- - - - - -

IN RE: Disciplinary Counsel; Richard Schwartz; - Other(s); Applying For Joint Petition for Consent Discipline

- - - - - -

March 4, 2016

Joint petition for consent discipline accepted. See per curiam.

JTK
BJJ
JLW
GGG
MRC
JDH
SJC

KNOLL, J., additionally concurs and assigns reasons.

Supreme Court of Louisiana
March 4, 2016

*[signature]*

Deputy Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

NO. 2016-B-0023

IN RE: RICHARD A. SCHWARTZ

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent was arrested and charged with driving under the influence of alcohol on three separate occasions. Prior to the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline. Having reviewed the petition,

IT IS ORDERED that the Petition for Consent Discipline be accepted and that Richard A. Schwartz, Louisiana Bar Roll number 11853, be suspended from the practice of law for a period of thirty months, retroactive to March 6, 2013, the date of his interim suspension.

IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

SUPREME COURT OF LOUISIANA

NO. 2016-B-0023

IN RE: RICHARD A. SCHWARTZ

MAR 0 4 2016

KNOLL, J., concurring with reasons:

Although I agree with the majority's decision to accept the consent discipline proposed by the parties, I write separately to emphasize respondent should not be reinstated to the practice of law unless and until he has presented clear and convincing evidence of all of the reinstatement criteria, particularly Supreme Court Rule XIX, § 24(E)(3), which provides, in pertinent part:

> Where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer shall not be reinstated or readmitted unless:
>
> (a) the lawyer has pursued appropriate rehabilitative treatment;
>
> (b) **the lawyer has abstained from the use of alcohol or other drugs for at least one year**; and
>
> (c) the lawyer is likely to continue to abstain from alcohol or other drugs. [emphasis added].

Furthermore, in the event respondent is reinstated to the practice of law, he should be required to execute an appropriate recovery agreement with the Judges and Lawyers Assistance Program. Only through such continued monitoring can the court and public be assured that respondent has addressed his significant alcoholism problems and can maintain continued sobriety.